Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POP WARNER LITTLE SCHOLARS, INC., a Pennsylvania Nonprofit Corporation; and, POP WARNER AUTHENTIC, INC., a Pennsylvania Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BSN SPORT, LLC, a Delaware Limited Liability Company; and DOES 1 – 10 inclusive,<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR:**<br><br>1. Federal Trademark Infringement and Counterfeiting (15 U.S.C. § 1114, et seq;<br>2. Federal Unfair Competition, 15 U.S.C. § 1125 et seq.<br>3. Common Law Trademark Infringement;<br>4. Deceptive Practices (Cal. Civ. Code § 1770); and<br>5. Unfair Business Practices (Cal. Bus. & Prof. Code § 17200).<br><br>**JURY TRIAL DEMANDED** |

1
**COMPLAINT**

1  Plaintiffs POP WARNER LITTLE SCHOLARS, INC. and POP WARNER AUTHENTIC, INC. (collectively, "Plaintiffs"), by and through their undersigned attorneys, complains and alleges against Defendants as follows:

## NATURE OF THE ACTION

1. Plaintiffs seek injunctive relief and damages stemming from Defendants BSN SPORT, LLC and DOES 1-10's (collectively "Defendants") acts of trademark infringement, false designation of origin, deceptive practices, and unfair competition in violation of the laws of the United States and the State of California.

## JURISDICTION AND VENUE

2. This action arises under 17 U.S.C. §§ 1114 and 1125 of the Lanham Act.

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b). The state law claims arise from the same common nucleus of operative facts and transactions such that Plaintiffs would ordinarily be expected to try them all in a single proceeding. Accordingly, this Court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(c) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## THE PARTIES

6. Plaintiff POP WARNER LITTLE SCHOLARS, INC. ("PWLS") is a Pennsylvania Nonprofit Corporation with a principal place of business at 580 Middletown Boulevard, #D-200, Langhorne, Pennsylvania 19047.

7. Plaintiff POP WARNER AUTHENTIC, INC. ("PWA") is a Pennsylvania Corporation with a principal place of business at 580 Middletown Boulevard, #D-200, Langhorne, Pennsylvania 19047.

8. Upon information and belief, Defendant BSN SPORT, LLC ("BSN") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 1180 California Avenue Suite A, Corona, CA 92881.

9. Upon information and belief, Defendants DOES 1-10, inclusive, are other parties not yet identified who have infringed Plaintiffs' trademarks, engaged in unfair competition, or engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Upon information and belief, at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

**PLAINTIFFS AND THE POP WARNER BRAND**

11. PWLS is a nonprofit organization that provides American football, cheerleading, and dance for over 325,000 youths aged five to sixteen years old, in several nations. It is the largest youth football organization in the United States with three separate leagues in Los Angeles County alone. PWLS is the only

national youth sports organization in America that requires its participants to perform adequately in the classroom before permitting them to play.  Further, PWLS is the only national youth sports organization in America that rewards its members for their outstanding performance in the classroom.

12. Central to its brand as the premier governing body for youth athletics is the "Pop Warner" logo (the "Logo"), for which PWLS owns two Federal Trademark Registrations.

13. PWLS's Federal Trademark Registration No. 0816322 for the word mark "Pop Warner" (the "Word Mark"), covers "[o]rganizing and servicing boys' football teams to promote sportsmanship and scholarships."  PWLS's first use in commerce was in 1933 and the Word Mark was registered in 1966.

14. PWLS's Federal Trademark Registration No. 3261740 (the "Design Mark"), covers "[c]lothing," including "uniforms" and "uniform jerseys," as well as "[o]rganizing and conducting youth football, flag football, and cheerleading teams to promote sportsmanship and scholarship."  PWLS has owned said trademark since 2002. The Design Mark is reproduced below:



15. Historically, PWLS only sold patches bearing the Logo and licensed its rights in the Logo to select manufacturers for uniforms and jerseys.

16. In 2020 PWA, a subsidiary of PWLS, became the sole authorized manufacturer of PWLS merchandise, including uniforms, uniform jerseys, and

PWLS patches. Thus, PWLS and PWA are sole owner and licensee of the "Pop Warner" brand and trademarks

17.  PWLS adopted, used, and licensed the Logo in connection with youth football, cheer, and dance programs since 1933, and in connection with clothing since 2002. Accordingly, PWLS owns longstanding common law trademark rights and has engaged in continuous use of the Logo since 1933 to the present.

18.  Services provided and products sold under PWLS's Logo have been extensively advertised and promoted in the United States.

19.  As a result of the advertising and promotion, the Logo is widely recognized by consumers, immediately identifying Plaintiffs as the exclusive source, licensor, or endorser of the services and products to which the Logo is affixed or displayed, and signifying goodwill of incalculable value.

20.  Plaintiffs are informed and believe that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the "Pop Warner" brand and trademarks ("Accused Products"). This merchandise includes items advertised and sold by Defendants bearing the Logo, which indicate and imply that the Accused Products were manufactured, endorsed, or approved by Plaintiffs.

**DEFENDANTS' UNLAWFUL CONDUCT**

21.  In or about September 30, 2013 PWLS and BSN entered into a Sponsorship Agreement (the "Agreement") whereby BSN enjoyed status as a licensee of the "Pop Warner" brand. The Agreement was effective September 30, 2013 through December 31, 2015, and was extended by a subsequent agreement, which lasted through December 31, 2016. All rights granted under that agreement, including the right to use the PWLS Word and Design Marks, expired December 31, 2016.

22.  On July 6, 2020, counsel for Plaintiffs notified BSN that its website offered merchandise using the Word and Design Marks, without license, and

requesting confirmation of the steps taken to remedy the foregoing.  BSN did not respond to Plaintiffs' request.

23. On or about December 2, 2020, counsel for Plaintiffs again notified BSN that it was and continued to infringe PWLS's Word and Design Marks by unlawfully advertising uniforms and jerseys bearing the Design Mark and by using the Word Mark for search engine optimization.  Non-inclusive exemplars of BSN's improper use of the PWLS's Word and Design Marks are provided below:

**Non-Inclusive Exemplars**

[Screenshot of BSN Sports online catalog page 4 showing "BSN SPORTS LEAGUE IS YOUR EXCLUSIVE SUPPLIER OF POP WARNER UNIFORMs by Alleson," two youth football players in Bearcats #22 and Fairport #9 jerseys, and product details for Nylon Mesh Waist Length Jersey, Youth Pro Game Jersey, "Solo Series" Integrated Poly Pant, and "Solo Series" Integrated Dazzle Pant, with note "every jersey INCLUDES Official Pop Warner patch"]

[Google search result: www.bsnsports.com › files › assets › basic-html › page4 — "Online Catalog - BSN Sports — football organization,. has partnered with BSN. Sports to serve as the. official distributor of Pop. Warner football uniforms -. including jerseys and pants. Y. outh. P. You visited this page on 1/25/21."]

24. Moreover, BSN's products are substantially similar in style and substance to those garments sold and licensed exclusively by Plaintiffs.  By

advertising and selling products bearing PWLS's Design Mark, BSN is appropriating Plaintiffs' brand of academic and athletic excellence.

25. PWLS did not authorize the above-alleged conduct by Defendants, and such conduct is in violation of PWLS's rights as the exclusive owner and licensor of the Design and Word Marks.

26. Defendants are marketing and providing the Accused Products in the same channels of trade as Plaintiffs.

27. Defendants' use of the PWLS Design and Word Mark has caused, and will continue to cause, confusion in the marketplace, harm to the business reputation, and loss of goodwill in the Word and Design Marks. Plaintiffs have and will continue to suffer losses to their business relations with consumers and prospective consumers for their services and products.

## FIRST CLAIM FOR RELIEF
**(Trademark Infringement Under 15 U.S.C. § 1114(1) - Against all Defendants)**

28. Plaintiffs repeat, reallege and incorporate herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

29. PWLS is the owner of the valid, distinctive Word and Design Marks as to, *inter alia*, men's, women's, and children's uniforms and uniform jersey products, and organizing and servicing youth football, flag football, and cheer programs. PWLS has been using the Word Mark in commerce continuously since 1933. PWLS has been using the Design Mark in commerce continuously since 2002. Through Plaintiffs' promotion and publicity, the Word and Design Marks have acquired secondary meaning. The Word and Design Marks are strong and well known and are entitled to a broad scope of protection.

30. The level of recognition that the Word and Design Marks have amongst the segment of society to whom Defendants sell and market uniforms and uniform jerseys is high; and believed to be the reason for which Defendants have

adopted and used the Word and Design Mark on their Infringing Products and in advertisements.

31. Defendants' use of PWLS's Word and Design Marks in advertisements and on Infringing Products is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association with Plaintiffs, or as to the origin, sponsorship or approval of Defendants' goods and services. Defendants' use of the Word and Design Marks has not been authorized by Plaintiffs. Consumers, including Defendants' customers, are likely to believe that their improper use of the Word and Design Marks indicate an affiliation, connection, association with, and/or sponsorship or approval of Plaintiffs.

32. Defendants' conduct constitutes trademark infringement in violation of Section 32 of the Federal Trademark Act, 15 U.S.C. § 1114.

33. As a result of Defendants' infringement, Plaintiffs have been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests. Further, Plaintiffs have suffered and will continue to suffer irreparable harm, and they have no adequate remedy at law with respect to this injury. Unless this Court enjoins Defendants' infringing acts, Plaintiffs will continue to suffer a risk of irreparable harm.

34. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

35. On information and belief, Defendants' infringing and counterfeiting acts have been knowing, intentional, wanton, and willful, entitling Plaintiffs to treble damages, profits, attorneys fees, and costs pursuant to 15 U.S.C. § 1117.

36. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Word and Design Mark, Plaintiffs will suffer irreparable harm.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125 – Against All Defendants, And Each)**

37. Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

38. Defendants' use of the Word and Design Marks and other designations and indicia is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, association or affiliation of Defendants' products, and is intended, and is likely to cause such parties to believe in error that Defendants' products have been authorized, sponsored, approved, endorsed or licensed by Plaintiffs, or that Defendants are in some way affiliated with Plaintiffs, and misrepresents the nature, characteristics, qualities, of their goods, services, and commercial activities, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Defendants' aforesaid unauthorized use of the Infringing Mark falsely suggest that they are associated with Plaintiffs in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendants' aforesaid unauthorized use of the Word and Design Marks throughout their marketing causes consumers to think that Defendants are affiliated with or sponsored by Plaintiffs, or vice versa, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

42. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

43. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Word and Design Marks, Plaintiffs will suffer irreparable harm.

### THIRD CLAIM FOR RELIEF

**(Common Law Trademark Infringement - Against All Defendants, and Each)**

44. Plaintiffs repeat, reallege and incorporate herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

45. Plaintiffs own all right, title, and interest in and to the distinctive Word and Design Marks and trade name, including all common law rights.

46. The aforesaid acts of Defendants constitute trademark and trade name infringement in violation of the common law of the State of California.

47. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

48. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

49. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Mark, Plaintiffs will suffer irreparable harm.

### FOURTH CLAIM FOR RELIEF

**(Deceptive Acts in Violation of California Civil Code Section 1770– Against All Defendants, and Each)**

50. Plaintiffs repeat, reallege and incorporate herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

51. Upon information and belief, Defendants have willfully and knowingly sold products as the goods of Plaintiffs, or at a minimum, have advertised products using the Word Mark, in an attempt to exploit Plaintiffs' market reputation.

52. As a result of Defendants' deceptive acts, Plaintiffs have been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests. In addition, as a result of Defendant's unfair competition, Plaintiffs have suffered and will continue to suffer irreparable harm, and they have no adequate remedy at law with respect to this injury. Unless this Court enjoins Defendants' unfair competition, Plaintiffs will continue to suffer a risk of irreparable harm.

53. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

## FIFTH CLAIM FOR RELIEF

**(Unfair Business Practices in Violation of California Business and Professions Code Section 17200– Against All Defendants, and Each)**

54. Plaintiffs repeat, reallege and incorporate herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

55. Upon information and belief, Defendants have willfully and knowingly sold products as the goods of Plaintiffs, or at a minimum, have advertised products using the Word and Design Marks, in an attempt to exploit Plaintiff's market reputation.

56. As a result of Defendants' unfair competition, Plaintiffs have been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests. In addition, as a result of Defendant's unfair competition, Plaintiffs have suffered and will continue to suffer irreparable

harm, and it has no adequate remedy at law with respect to this injury.  Unless this Court enjoins Defendants' unfair competition, Plaintiffs will continue to suffer a risk of irreparable harm.

57. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1. Entering Judgment for Plaintiffs on each of their claims;

2. Awarding Plaintiffs such damages as they have sustained or will sustain as a result of Defendants', and each, acts of trademark infringement, counterfeiting and unfair competition and that such claims be trebled pursuant to 15 U.S.C. § 1117, including statutory damages.

3. An order directing that Defendants, and each, account to and pay over to Plaintiffs all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

4. An award of actual damages sustained by Plaintiffs;

5. That Plaintiffs be awarded its attorneys' fees as available under 15 U.S.C. § 1117;

6. An injunction against continued infringement of the Word and Design Marks pursuant to 15 U.S.C. § 1116, and the unfair competition provisions;

7. An injunction against continued infringement of the Word and Design Marks pursuant to Cal. Bus. & Prof. Code §§ 14247;

8. An injunction against unfair competition pursuant to Cal. Bus. & Prof. Code § 17203;

9. An order directing Defendants, and each, to file with the court and serve on Plaintiffs a report setting forth an accounting and the manner and form in

which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116;

10. That Plaintiffs be awarded pre-judgment interest as allowed by law;

11. That Plaintiffs be awarded the costs of this action;

12. That Plaintiffs be awarded treble damages and/or punitive damages in an amount sufficient to deter and punish Defendants, and each, on account of their willful violation of Federal, California, and common law;

13. A declaration that this case is an exceptional case within the meaning of 15 U.S.C. § 1117;

14. That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper;

15. Awarding Plaintiffs costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

16. An order requiring Defendants, and each, to deliver to Plaintiffs for destruction or other disposition all remaining products, advertising, promotional and marketing materials bearing or using the Word and Design Mark, as well as all means of making the same pursuant to 15 U.S.C. § 1118;

17. Awarding Plaintiffs pre-judgment interest on any monetary award made part of the judgment against Defendants; and

18. Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 1, 2021   By:   */s/ Stephen M Doniger*
Stephen M. Doniger, Esq.
Kelsey M. Schultz, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff